[No. A098336. First Dist., Div. Three. Feb. 21, 2003.]

JAMES BULLARD et al., Plaintiffs and Appellants, v.
SAN FRANCISCO RESIDENTIAL RENT STABILIZATION BOARD,
Defendant and Respondent.

**COUNSEL**

Wiegel & Fried and Clifford E. Fried for Plaintiffs and Appellants.

Dennis J. Herrera, City Attorney, Rand Riddle and Wayne K. Snodgrass, Deputy City Attorneys, for Defendant and Respondent.

**OPINION**

**PARRILLI, J.**—The Costa-Hawkins Rental Housing Act (Costa-Hawkins Act) (Civ. Code, § 1954.50 et seq.) preempts local rent control by permitting landlords to set the initial rent for vacant units, but expressly preserves local authority to "regulate or monitor the grounds for eviction." (Civ. Code, § 1954.53, subd. (e); *DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 40-41 [99 Cal.Rptr.2d 366].) Under San Francisco's rent control ordinance, a landlord who evicts a tenant in order to move into the tenant's unit must offer the tenant another unit, if one is vacant. The ordinance also regulates the rent a landlord may charge for the replacement unit. Is this rent restriction permissible under the Costa-Hawkins Act's provision for local eviction control? We conclude it is not. The "grounds for eviction" contemplated by

Civil Code section 1954.53, subdivision (e) are distinct from such subsequent rent regulation.

James Bullard and Emily Wilson (Landlords) appeal from an order denying their petition for a writ of administrative mandamus. Landlords challenged a ruling by the San Francisco Residential Rent Stabilization Board (the Rent Board) denying their appeal from a hearing officer's determination of their tenant's rent. The tenant successfully sought a downward adjustment in rent for a unit he occupied after Landlords, who had recently purchased the building, evicted him so they could move into his former apartment. The trial court rejected Landlords' contentions that (1) the Costa-Hawkins Act preempted the provisions of San Francisco's rent control ordinance permitting the Rent Board to set rents for units offered to tenants who were displaced by owner move-in evictions, and (2) the Rent Board lacked jurisdiction to issue its decision.

We reverse. Because this appeal raises only legal issues, we need not elaborate the factual background.

### DISCUSSION

Section 37.9 of the San Francisco Administrative Code provides, in relevant part:

"(a) A landlord shall not endeavor to recover possession of a rental unit unless: [¶] . . . [¶]

"(8) The landlord seeks to recover possession in good faith, without ulterior reasons and with honest intent:

"(i) For the landlord's use or occupancy as his or her principal residence for a period of at least 36 continuous months; [¶] . . . [¶]

"(iv) A landlord may not recover possession under this Section 37.9(a)(8) if a comparable unit owned by the landlord is already vacant and is available, or if such a unit becomes vacant and available before the recovery of possession of the unit. If a comparable unit does become vacant and available before the recovery of possession, the landlord shall rescind the notice to vacate and dismiss any action filed to recover possession of the premises. Provided further, if a noncomparable unit becomes available before the recovery of possession, *the landlord shall offer that unit to the tenant at a rent*

*based on the rent that the tenant is paying, with upward or downward adjustments allowed based upon the condition, size, and other amenities of the replacement unit. Disputes concerning the initial rent for the replacement unit shall be determined by the Rent Board.* It shall be evidence of a lack of good faith if a landlord times the service of the notice, or the filing of an action to recover possession, so as to avoid moving into a comparable unit, or to avoid offering a tenant a replacement unit." (Italics added.)

■ The Rent Board acknowledges that Civil Code section 1954.53 generally established vacancy decontrol for residential units. However, the Rent Board finds authority for an exception to the general rule in subdivision (e) of the statute: "Nothing in this section shall be construed to affect any authority of a public entity that may otherwise exist to regulate or monitor the grounds for eviction." We do not believe this provision applies to the rent restriction imposed in this case. The ground for eviction was that Landlords sought to recover possession of a unit for use as their principal residence. The requirement that they offer another unit at a regulated rent was a condition imposed by the rent control ordinance on their recovery of possession, but it cannot be deemed in any ordinary sense of the term a "ground" for the eviction.

The Rent Board contends a condition with which the landlord must comply in order to establish good cause for an eviction is a "regulation" of the "grounds for eviction" under Civil Code section 1954.53, subdivision (e). We disagree. It is a rent regulation, with no logical connection to the basis for an owner move-in eviction. Furthermore, the Rent Board's reading of the statute would substantially weaken the statewide vacancy decontrol contemplated by the Costa-Hawkins Act. A local government might require a landlord who evicts a tenant for any reason to offer the unit at a controlled rent. The Rent Board counters this argument by explaining that tenants evicted when landlords move into a unit are blameless, unlike those evicted for other reasons such as nonpayment of rent or maintaining a nuisance. However, nothing in the terms of Civil Code section 1954.53, subdivision (e) supports a distinction based on blameworthiness.

The Rent Board claims the rent restriction at issue serves a legitimate regulatory purpose by helping ensure that landlords do not undertake owner move-in evictions for the improper purpose of avoiding controlled rents. But the extension of rent control for a replacement unit is a remarkably blunt instrument for that purpose. It applies to landlords acting in good faith as well as unscrupulous landlords. Because it is contingent on the availability of another unit, it provides only an occasional, weak deterrent. When another

unit is not available, tenants are not protected and landlords are not forced to accept a regulated rent. Permitting local governments to maintain such a haphazard form of vacancy control would subvert the purpose of the Costa-Hawkins Act.

We note that other provisions of the San Francisco ordinance properly serve the goal of monitoring the good faith of owner move-ins, without infringing on the vacancy decontrol required by state law. The ordinance requires a landlord to reside in the unit for three years, and specifies that suspicious timing of the eviction notice will be considered evidence of bad faith. (S. F. Admin. Code, § 37.9(a)(8)(i) & (iv).) A rebuttable presumption of bad faith arises if the landlord does not move in within three months of the eviction. (S.F. Admin. Code, § 37.9(a)(8)(v).) And only one owner move-in is permitted in a building. (S.F. Admin. Code, § 37.9(a)(8)(vi).) These uniformly applicable provisions, unlike the rent restriction on replacement units, fit comfortably within the scope of local governmental authority to "regulate or monitor the grounds for eviction." (Civ. Code, § 1954.53, subd. (e).)

Finally, the Rent Board argues there would have been no need for the Legislature to include an exception allowing local governments to regulate the grounds for eviction if the exception did not apply to the Costa-Hawkins Act's central provision permitting landlords to establish the initial rent for vacant units. According to the Rent Board, Civil Code section 1954.53, subdivision (e) shows the Legislature understood that eviction control and vacancy decontrol may conflict, and intended that local law may control the initial rents on vacant units in order to accomplish eviction control.

We are not persuaded. There can be no doubt the Legislature was well aware of the incentive for eviction created by vacancy decontrol. Civil Code section 1954.53, subdivision (e) is a strong statement that the state law establishing vacancy decontrol is not meant to affect the authority of local governments to monitor and regulate the grounds for eviction, in order to prevent pretextual evictions. Had the Legislature intended to preserve local authority to control rent following evictions, we do not believe it would have spoken in terms of the "grounds for eviction," which simply do not include the amount of rent a landlord may charge after evicting a tenant. The San Francisco rent control ordinance, by purporting to limit the amount of rent a landlord may charge for a replacement unit following an owner move-in eviction, directly contradicts state law providing: "Notwithstanding any other provision of law, an owner of residential real property may establish the initial rental rate for a dwelling or unit . . . ." (Civ. Code, § 1954.53,

subd. (a).) Therefore, the challenged provision is preempted. (*Birkenfeld v. City of Berkeley* (1976) 17 Cal.3d 129, 141 [130 Cal.Rptr. 465, 550 P.2d 1001]; *Sherwin-Williams Co. v. City of Los Angeles* (1993) 4 Cal.4th 893, 897-898 [16 Cal.Rptr.2d 215, 844 P.2d 534].)

## DISPOSITION

The order denying Landlords' petition for administrative mandamus is reversed. Landlords shall recover their costs on appeal.

McGuiness, P. J., and Corrigan, J., concurred.