Filed 1/24/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SAN FRANCISCO APARTMENT ASSOCIATION et al., <br><br>       Plaintiffs and Appellants, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br>       Defendant and Respondent. | A161416 <br><br> (City & County of San Francisco Super. Ct. No. CPF-19-516566) |

We here reject an attempt by landlord interest groups to preclude the City and County of San Francisco (the city) from thwarting bad faith efforts to circumvent the city's lawful restrictions on the right to evict residential tenants whose rent the city cannot regulate.

The Costa Hawkins Rental Housing Act, Civil Code section 1954.50 et seq. (Costa Hawkins) generally exempts newly constructed residential units, single family homes and condominiums from local rent increase limitations. (Civ. Code, § 1954.52, subd. (a).)[1] The San Francisco Rent

---

[1] Civil Code section 1954.52, subdivision (a) provides: "Notwithstanding any other provision of law, an owner of residential real property may establish the initial and all subsequent rental rates for a dwelling or a unit about which any of the following is true: [¶] (1) It has a certificate of occupancy issued after February 1, 1995. [¶] . . . [¶] (3) [¶] (A) It is alienable separate from the title to any other dwelling unit or is a subdivided interest in a subdivision, as specified in subdivision (b), (d), or (f) of Section 11004.5 of the Business and Professions Code."

Ordinance (S.F. Admin. Code,[2] § 37 et seq.) (rent ordinance), acknowledges these exemptions in section 37.3, subdivisions (d) and (g).[3] Costa Hawkins expressly preserves, however, local authority to "regulate or monitor the grounds for eviction" on all residential rental properties, including properties exempt from local rent control. (Civ. Code, § 1954.52, subd. (c) ["Nothing in this section shall be construed to affect any authority of a public entity that may otherwise exist to regulate or monitor the grounds for eviction."].)

In the present action, plaintiffs and appellants San Francisco Apartment Association, Coalition for Better Housing, San Francisco Association of Realtors, and Small Property Owners of San Francisco Institute (collectively, plaintiffs) challenge the lawfulness of an ordinance enacted by the city. The measure amended the city's rent ordinance to make it unlawful for a landlord to seek to recover possession of a rental unit that is exempt from rent control by means of a rental increase that is imposed in bad

---

[2] All statutory references are to the San Francisco Administrative Code unless otherwise noted.

[3] Section 37.3, subdivision (d) provides in relevant part: "Consistent with [Costa Hawkins] and regardless of whether otherwise provided under Chapter 37: [¶] (1) Property Owner Rights to Establish Initial and All Subsequent Rental Rates for Separately Alienable Parcels. [¶] (A) An owner of residential real property may establish the initial and all subsequent rental rates for a dwelling or a unit which is alienable separate from the title to any other dwelling unit or is a subdivided interest in a subdivision as specified in subdivision (b), (d), or (f) of Section 11004.5 of the California Business and Professions Code." Section 37.3, subdivision (g) provides in relevant part: "(1) An owner of a residential dwelling or unit which is newly constructed and first received a certificate of occupancy after the effective date of Ordinance No. 276-79 (June 13, 1979), or which the Rent Board has certified has undergone a substantial rehabilitation, may establish the initial and all subsequent rental rates for that dwelling or unit."

faith to coerce the tenant to vacate the unit in circumvention of the city's eviction laws. (§ 37.10(A)(i).)

Plaintiffs contend the amendment is preempted by Costa Hawkins because it seeks to regulate the rent a landlord may charge on exempt properties. The city contends and the trial court agreed that the amendment at issue here is a valid exercise of the city's authority to regulate evictions. We agree that the amendment is designed to deter landlords from attempting to avoid local eviction rules by imposing artificially high rents in bad faith, and thus is a reasonable exercise of the city's authority to regulate the grounds for eviction, which is not preempted. Accordingly, we shall affirm the judgment.

## Background

In January 2019, the city adopted an ordinance adding section 37.10(A)(i) to the city's rent ordinance, making it "unlawful for a landlord to endeavor to recover possession of a rental unit that is exempt from rent increase limitations under Section 37.3(d) or Section 37.3(g) by means of a rent increase that is imposed in bad faith with an intent to defraud, intimidate, or coerce the tenant into vacating the unit in circumvention of Section 37.9(a), 37.9A, 37.9B, or 37.9C." Under the new provision, "[e]vidence of bad faith may include but is not limited to the following: (1) the rent increase was substantially in excess of market rates for comparable units; (2) the rent increase was within six months after an attempt to recover possession of the unit; and (3) such other factors as a court or the Rent Board may deem relevant." (§ 37.10(A)(i).) A landlord's violation of section 37.10(A)(i) may be asserted by either the rent board or the tenant. At the same time, the city adopted an ordinance amending section 37.10B, subdivision (a)(5), to add the same prohibited conduct to the definition of

3

tenant harassment, which permits the district attorney to bring misdemeanor charges against the landlord and permits the tenant to assert the conduct as an affirmative defense in an unlawful detainer action. (§ 37.10B, subds. (c)(2), (c)(3).)

In February 2019, plaintiffs filed a petition for writ of mandate and complaint for injunctive and declaratory relief seeking a declaration that the amendments are unlawful and preempted by Costa Hawkins. The trial court denied plaintiffs' motion for judgment on the writ, holding that the amendments are not preempted by Costa Hawkins, and shortly thereafter entered judgment in the city's favor.[4] Plaintiffs timely filed a notice of appeal.

## Discussion

Plaintiffs contend section 37.10(A)(i) is preempted by Costa Hawkins because it regulates the rent a landlord may charge on exempt property. They acknowledge that the new provision does not directly limit the amount of rent a landlord may charge, but argue that the city cannot do indirectly what it is prohibited from doing directly. We disagree that the provision regulates rent.

As the trial court noted, the amendments "do not prevent landlords from earning rent as determined by the free market, and it imposes no caps to ensure the availability of affordable rental housing." Rather, the measures prohibit a landlord from designating as rent an artificial sky-high amount that the landlord does not intend to collect but intends to cause the tenant to vacate the unit voluntarily or by eviction for nonpayment of the unrealistic figure. Section 37.10(A)(i) requires a finding that the rent increase was intended to coerce the tenant to leave the premises. Costa Hawkins does not

---

[4] The city also filed a motion for judgment on the pleadings, which was taken off calendar after the court's ruling on plaintiffs' motion.

protect a landlord's right to use a pretextual rent increase to avoid lawfully imposed local eviction regulations. (See *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1245 [Costa Hawkins authorizes local governments " 'to monitor and regulate the grounds for eviction, in order to prevent pretextual evictions.' "].)

Plaintiffs assert that the plain language of Civil Code section 1954.52, subdivision (a) protects a landlord's right to impose "whatever rent they choose" on an exempt unit. (See *Cobb v. San Francisco Residential Rent Stabilization & Arbitration Board* (2002) 98 Cal.App.4th 345, 351 [Costa Hawkins "permits landlords to impose *whatever rent they choose* at the commencement of a tenancy." (Italics added.)].) As the trial court observed, under petitioner's interpretation of Costa Hawkins, "landlords have the right to impose rent increases even if their only purpose is to force the tenant to vacate without having to comply with eviction regulations. . . . [T]his outcome would deprive local eviction regulations of their force" and construe "the statute in a way that vitiates the authority of public entities to regulate and monitor the basis for evictions. When [Civil Code section 1954.52,] subdivision (a) is read together with subdivision (c), it is not reasonable to conclude that the Legislature intended to authorize a pretextual rent increase imposed, not for the purpose of collecting additional rent, but to remove tenants in circumvention of applicable local eviction regulations."[5]

---

[5] The argument asserted by amicus curiae, California Apartment Association (the apartment association), that a local entity has only limited authority to regulate grounds for evictions on exempt units is not persuasive. The apartment association suggests that Civil Code section 1954.52, subdivision (c) "applies, at best, to exempt units which are not yet exempt and, therefore, subject to local rent controls, or temporarily exempt because of non-fault evictions of the service of notices of change in terms of tenancy

Plaintiffs' argument that the amendment makes it unlawful to increase a tenant's rent to amounts "substantially in excess of market rates for comparable units" or in any amount within "six months after an attempt to recover possession of the unit" was correctly rejected by the trial court. As the trial court explained, plaintiffs confuse "potential evidence of the unlawful conduct with the unlawful conduct itself. The ordinance does not prohibit above-market rent increases or rent increases that closely follow attempts to recover possession. Such increases lead to liability only when and because the landlord has imposed them in an effort to avoid eviction laws while forcing the tenant to vacate."

Plaintiffs argue that the provisions impermissibly require landlords "to guess whether, in exercising their statutory right to increase rents, they are subjecting themselves to criminal and severe civil penalties based on the whims of a future fact-finder," and "make[] every rent increase a potential debate over whether it substantially exceeds market rates for comparable units." But we do not share the assumption that a landlord — much less the rent board or a court — is incapable of distinguishing between a reasonable and a bad faith rental increase. Good faith is hardly an unusual or

which cause former tenants to vacate." It argues that while "the city's eviction controls are needed to make its rent controls effective[,] . . . absent such rent controls, there is no good reason for eviction controls (or similar protection) to even apply. Any more expansive reading of sub-section (c) would simply allow the city to eviscerate rights under sub-section (a)." As the city notes, many cities in California regulate evictions on units not subject to rent control and that those regulations serve "permissible purposes besides the support of rent control laws." In any event, the interpretation of subdivision (c) proposed by the apartment association is entirely inconsistent with the plain language of the statute. (See Civ. Code, § 1954.52, subd. (c) ["Nothing in this section shall be construed to affect the authority of a public entity that may otherwise exist to regulate or monitor the basis for eviction."].) The city's request for judicial notice is granted.

unacceptable standard to incorporate in statutory requirements or prohibitions. (See, e.g., Civ. Code, § 1942.5, subd. (d) ["[I]t is unlawful for a lessor to increase rent . . . for the purpose of retaliating against the lessee because the lessee . . . has lawfully and peaceably exercised any rights under the law."]; *id.*, subd. (g) ["a lessor may recover possession of a dwelling and do any of the other acts described . . . within subdivision (d), if the notice of . . . rent increase . . . states the ground upon which the lessor, in good faith, seeks to . . . increase rent . . . . If the statement is controverted, the lessor shall establish its truth at the trial or other hearing."]; *Aweeka v. Bonds* (1971) 20 Cal.App.3d 278, 280–281 [plaintiff stated claim for retaliatory eviction where landlord increased rent to an amount that was "unfair, unreasonable and uneconomical" because it was an almost 100 percent increase to an amount that was twice the market value].)

*Mak v. City of Berkeley Rent Stabilization Bd.* (2015) 240 Cal.App.4th 60, is persuasive. In that case, this court upheld a regulation promulgated by the local rent board that created a rebuttable presumption that a tenancy which is terminated voluntarily but within one-year of service of notice of owner move-in " 'is presumed to have been terminated by the owner as a result of the notice' " and provided that " '[t]he rental rate for the next tenancy established in the vacated unit shall be no more than the maximum allowed under the Rent Ordinance for the tenant who vacated, plus any subsequent increases authorized by the Rent Board.' " (*Mak, supra*, at p. 65.) The court rejected plaintiffs' argument that the rent restriction was preempted by the "vacancy decontrol" provisions of Costa Hawkins which protect the landlord's right to "establish the initial rental rate for a dwelling or unit." (§ 1954.53, subd. (a); *Mak, supra,* at pp. 68–69.) The court explained that the regulation " 'create[s] an administrative deterrent to discourage

7

landlords from serving less than good faith owner move-in notices' " and that " '[v]iewed as a sanction for the misuse of owner move-in notices, [the regulation] does not regulate "the initial rate for a dwelling unit" (. . . § 1954.53(a)) and is a permissible regulation of "the grounds for eviction" (. . . §1954.53(e)).' " (*Mak, supra,* 240 Cal.App.4th at p. 69.)[6] Similarly, the city's amendment of its rent ordinance to deter landlords from using pretextual rent increases to avoid local eviction regulations does not regulate "the initial and all subsequent rental rates" for exempt units (§ 1954.52, subd. (a)) and is a permissible regulation of "the grounds for eviction" (§ 1954.52, subd. (e)).

Plaintiffs' reliance on *Bullard v. San Francisco Residential Rent Stabilization Bd*. (2003) 106 Cal.App.4th 488 is misplaced. In *Bullard*, the plaintiff challenged a rent-control ordinance requiring a landlord who evicts a tenant in order to move into the tenant's unit to offer the tenant another unit at comparable rent if another unit is available. (*Id*. at p. 489.) The court held that the requirement that the landlord offer another unit at *comparable rent* was preempted by the vacancy decontrol provision of Costa Hawkins. (*Id*. at pp. 491–492.) The court rejected the respondent's argument that the rent restriction was not preempted because it was a regulation of evictions within the meaning of Civil Code section 1954.53, subdivision (e) because the rent restriction had "no logical connection to the basis for an owner move-in

---

[6] Plaintiffs' attempt to distinguish *Mak* is not persuasive. Plaintiffs suggest that the regulation at issue in that case was permissible because Civil Code section 1954.52, subdivision (a)(3)(B)(i) expressly provides that the Act does not prohibit the application of rent-control limits to a new tenant if the preceding tenant vacates pursuant to an owner move-in termination notice. (*Mak, supra,* 240 Cal.App.4th at pp. 69–70.) While Civil Code section 1954.52, subdivision (a)(3)(B)(i) was undoubtedly relevant to the analysis, it was not, as plaintiffs' suggest, the controlling factor in the court's decision.

8

eviction." (*Id.* at p. 491.) The court emphasized that the provision applied "to landlords acting in good faith as well as unscrupulous landlords" and was "contingent on the availability of another unit, . . . provid[ing] only an occasional, weak deterrent." (*Ibid.*) The same is not true here. As discussed above, section 37.10(A)(i) applies only to bad faith, pretextual rent increases designed to avoid local eviction regulations. It does not regulate permissible rent increases.

## Disposition

The judgment is affirmed.


POLLAK, P. J.


WE CONCUR:

STREETER, J.
BROWN, J.

Trial court:                                 City & County of San Fancisco

Trial judge:                                 Honorable Charles F. Haines

Counsel for Plaintiffs and Appellants:       NIELSEN MERKSAMER
                                             PARRINELLO GROSS & LEONI LLP
                                             James R. Parrinello
                                             Christopher E. Skinnell

                                             DOWLING & MARQUEZ, LLP
                                             Curtis F. Dowling for California
                                             Apartment Association as Amicus Curiae
                                             on behalf of Plaintiffs and Appellants.

Counsel for Defendant and Respondent:        DENNIS J. HERRERA, City Attorney
                                             JEREMY M. GOLDMAN, Co-Chief of
                                             Appellate Litigation